GARRISON, Judge.
This is an appeal from a judgment of the district court in CDC case No. 77-19585 dismissing plaintiff’s tort action against Wohl, Inc., TAC Amusement Co. and its liability insurer, Gulf Insurance Co., and Michel Melle d/b/a Michel’s Lounge. The instant case was consolidated for trial with CDC No. 77-18980, Liberty Mutual’s suit for compensation benefits paid to plaintiff, Arnold Seheidel, who was an employee of Crescent Distributing Company. Liberty Mutual is the workmen’s compensation insurer of Crescent. After trial by jury and a uniquely confusing plethora of interrogatories, the trial judge interpreted those interrogatories to mean that plaintiff’s case should be dismissed.
In response to Interrogatory Number 10b, “Did Wohl, Inc. should have known (sic) about the defect (Answer yes or no),” the jury answered “Yes.” In response to Interrogatory Number 11, “What sum of money would fairly and reasonably compensate Arnold Seheidel for the damages (sic) he has sustained a result of the accident for which he has filed this lawsuit?”, the jury responded “700,000.00” (sic). On the other hand, in the very same set of interrogatories the jury responded to the question “Is the negligence of Wohl, Inc. a proximate cause of Arnold Scheidel’s injury?” with the reply “No.”
Adding to the general confusion was the trial judge’s clearly erroneous granting of a directed verdict in favor of the defendants TAC Amusement Co. and Gulf Insurance Co. Not the least of the effects of this ruling was that it deprived the jury of hearing evidence concerning the full range of options before it with regard to all defendants who might possibly be obligated to the plaintiff.-
It is not possible to reconstruct in retrospect the manifold legal concepts contemplated by the jury with regard to its varied and even conflicting answers to Judge Katz’s interrogatories. While, evanescently, it appears to have called for a $700,-000.00 verdict for the plaintiff, just as quickly it appears to have swept away all underpinning on which liability for any particular defendant or defendants could be based.
Consequently, despite our customary disinclination to remand out of considerations of judicial economy, we have no alternative in this case but to do so.
IT IS ORDERED, ADJUDGED AND DECREED that this case be remanded to the trial court for new proceedings, ab ini-tio, in harmony with this decision.
REVERSED AND REMANDED.
GULOTTA and SCHOTT, JJ., concur with written reasons.
LOBRANO, J., concurs for the reasons assigned by GULOTTA, J.